EDWARD L. CARRAHER ET AL., PLAINTIFFS, v. BROWN AND WHITE CAB, INCORPORATED, DEFENDANT.

Decided May 7, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-CHARD and LLOYD.

For the rule, *Turner & Staller.*

*Contra, John W. Palmer.*

PER CURIAM.

The plaintiff Carraher was the owner and operator of an automobile, which he was driving in a northerly direction along Bergen street, in the city of Newark. The plaintiff Ulrich was riding with him as his guest. The proofs sub-

mitted on the part of the plaintiffs showed that as the car came to the intersection of Thirteenth avenue Carraher looked up the avenue in the direction from which the defendant's taxicab was approaching and observed it about seventy-five feet away; that he thereupon continued across Thirteenth avenue, and when he had passed over two-thirds thereof the the defendant's taxicab struck his car; that the taxicab was on the wrong side of the street and was proceeding at a rapid rate of speed; and that the collision resulted in the injury of both of the plaintiffs. The jury found a verdict in favor of Carraher for $10,000 and a verdict in favor of Ulrich for $1,000.

The first contention is that the verdict of $10,000 for Carraher is excessive. We consider this contention well founded. Our examination of the evidence leads us to the conclusion that his injuries were nothing like as serious as he claimed and as the jury evidently found.

The next contention is that the court erroneously refused to charge the jury with relation to the possible mistakes of physicians because the opinions of such experts were generally nothing more than guesses. This request did not embody any principle of law, and, therefore, was properly refused.

Next, it is argued that Carraher was guilty of contributory negligence. We find no evidence in the case to justify this contention. The defendant company called no witnesses to show how the accident occurred, not even the driver of its taxicab. Nor was there any explanation of its failure to do so. The evidence on the part of Carraher and Ulrich, in our opinion, justified the jury in finding that the collision was not the result of any negligence on the part of the former.

Next, it is contended that the verdict in favor of Ulrich is excessive. Our examination of the case leads us to the opposite conclusion.

Lastly, it is argued that the verdicts finding the defendant's driver guilty of negligence producing the accident are against the weight of the evidence. Our consideration of the proofs leads us to the conclusion that this contention is without merit.

If the plaintiff Carraher will consent to have the verdict rendered in his favor reduced to $6,000, he may enter judgment for that amount against the defendant. Otherwise the rule to show cause will be made absolute as to him. As to the plaintiff Ulrich, we conclude that the rule to show cause should be discharged, with costs.